RECEIVED
SDNY PRO SE OFFICE
2022 MAR 15 AM 10: 09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

***********************************************

Lee Ann Rioux,
    Plaintiff,

v.                                                                  No.

United States of America,
    Et Al.,

    Defendants.

***********************************************

## COMPLAINT AND JURY DEMAND

1. Introduction. This is an action under RICO and 42 U.S.C. Sec. 1983 for the illegal interference by defendants, and each of them, with LeeAnn Rioux's First Amendment rights to religious practice by, among other things, wrongfully discharging her without fault of her own from her job at the United States Post Office in New Hampshire (as was determined by an Administrative Judge ruling her ELIGIBLE for unemployment benefits). Defendants' actions are willful--punitive damages are sought in addition to injunctive relief.

PARTIES

2. Lee Ann Rioux, plaintiff, is an individual residing at all relevant times herein in Madison, Carroll County, New Hampshire.
3. The United States of America exists pursuant to and under the color of the Constituion of the United States of America (as amended). The United States Postal Service is, and at all relevant times herein was, organized and existing as part of the Postmaster General's Office in Washington, D.C., and was and is a part of the federal government of the United States. At all relevant times herein the Post Office was Ms. Rioux's employer.
4. Katie French was at all relevant times herein an employee of the Post Office working with and alongside Lee Ann Rioux.
5. Orr & Reno is a law firm in Concord, New Hampshire, which negligently failed to inform Lee Ann Rioux of her rights having been wrongfully terminated.

JURISDICTION AND VENUE

6. Federal Question. R.I.C.O., 42 U.S.C. Sec. 1983.
7. Venue is appropriate in this judicial District as being one in which the defendant, United States of America, does business and has an office in this District, additionally the gravamen of the conspiracy is that the conspiracy was brought to fruition by the Postal Service appealing to the E.E.O.C. without revealing that the unemployment decision precluded such an appeal as having determined that LeeAnn Rioux was NOT fired for cause and was, therefore, entitled to unemployment benefits.

FACTS COMMON TO ALL COUNTS

8. Plaintiff, Lee Ann Rioux, worked for the defendant United States Postal Service in North Conway, New Hampshire.
9. Defendant, Katie French, was a co-worker of Ms. Rioux's at the North Conway Post Office.
10. Defendant, Brian McHugh, was, at all relevant times herein, postmaster of the North Conway Post Office, and, hence, Ms. Rioux's and defendant Katie French's boss.
11. Katie French continually and constantly harassed Ms. Rioux's at the Post Office.
12. Ms. Rioux's job performance was adequate, even outstanding. She earned many awards during her work at the Post Office.
13. Ms. Rioux was harassed by Brian McHugh and Katie French because of her religious beliefs.
14. Specifically Katie French reacted to Ms., Rioux's statements that one "[h]ad to be born again to go to Heaven" with anger, ridicule, and insults.
15. Ms. Rioux complained repeatedly and bitterly to her supervisor, Brian McHugh, about Katie French's harassment (which frequently occurred during the sorting of mail) but he did nothing.
16. Ultimately Hs, Rioux said in utter frustration to Katie French that "[I]f I were not a Christian I would kill you."
17. Lee Ann Rioux, a born again Christian, believed in and followed the Bible's Commandment "Thou shalt not Kill." She would not have harmed Karie French and did not harm her.
18. Ultimately Ms. Rioux was fired by the Post Office.
19. An administrative judge held that Ms. Rioux was NOT fired for cause and UPHELD her right to receive unemployment benefits following her dismissal.
20. In bad faith the United States Post Office opposed Ms. Rioux's appeal to the EEOC of her wrongful dismissal KNOWING THAT THE ADMINISTRATIVE LAW JUDGE HAD ALREADY RULED THAT MS. RIOUX"S DISMISSAL WAS NOT FOR CAUSE.
21. Orr & Reno, a Concord, New Hampshire, law firm, declined to represent Ms. Riousx and returned her file WITHOUT ADVISING HER OF HER POTENTIAL RIGHTS with respect to ANY of the defendants herein. That was PER SE malpractice.

COUNT ONE
(42 U.S.C. Sec. 1983)

22. Paragraphs one through 19 are incorporated by reference,
23. Defendants, and each of them, and all of them, have violated Ms, Rioux's First Amendment Rights to practice her religious beliefs,
24. Such interference with Ms. Rioux's First Amendment Rights was, and has been, and is, in violation of 42 U.S.C. Sec 1983,
25. Ms., Rioux has been damaged in an amount to be proven at trial.
26. Ms., Rioux's damages have been caused, jointly and severally, by the Defendants.
27. The Defendants, jointly and severally, are liable to Ms. Rioux in the amount of here damages, trebled pursuant to statute, plus attorneys' fees, interest, and the costs of this matter.

COUNT TWO
(RICO)
28. Paragraphs One through 25 are incorporated by reference.
29. The Defendants, and each of them, and all of them together, + have acted AT LEAST in conscious parallelism toi deprive Ms, Rioux of her Constitutional rights and, hence, have conducted a criminal enterprise by a pattern of racketeering activity in violation ofthe Racketeer Influenced and Corrupt Organizations Act ("R.I.CO", 12 U.S.C. Sec 1962(c)), causing damage to Ms, Rioux in an amount to be proven at trial.
30. Ms. Rioux brings this action for treble damages plus attorney's fees, interest, and costs, pursuant to 12 U.S.C. Sec. 1964.
31. Defendants are jointly and severally liable to Ms. Rioux for the amount of her damages, trebled pursuant to statute, plus attorneys' fees, interest, and costs.

COUNT THREE
(Breach of Contract - wrongful discharge under NH law)

32. Paragraphs one through 29 are incorporated by reference.
33. Ms. Rioux's discharge and subsequent legal opposition and bad advice was, all of it, in bad faith and in violation of public policy making her discharge illegal under New Hampshire law, causing damaged in an amount to be proven at trial.
34. Defendants are jointly and severally liable to Ms., Rioux for her damages.

WHEREFORE, PLAINTIFF DEMANDS JUDGMENT:
1) Awarding her damages in an amount to be proven at trial, trebled,
2) Granting her an award of attorneys' fee, interest, and costs, and
3) Granting such other and further relief as the Court may deem appropriate.

*Lee Ann Rioux*

_____   7 March 2022
Lee Ann Rioux
pro se and in forma pauperis

22 Jones Hill Road
PO Box 100, Madison NH 03849
leeannrioux@yahoo.com
603.367.7323

Clerk - Civil   7. March 2022
Pls File/Docket.
Prev filed → tr to D-NH -
dism w/o prej in NH -
Re-filed herewith.
Pro se / i f/p prev filed/allowd.
- LAR



© USPS 2019

THIS ENVELOPE IS RECYCLABLE AND MADE WITH 30% POST CONSUMER CONTENT

RECEIVED
SDNY PRO SE OFFICE
2022 MAR 15  AM 10:08

