UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LEE ANN RIOUX,

                            Plaintiff,

-against-

UNITED STATES OF AMERICA; KATIE FRENCH; ORR & RENO,

                            Defendants.

1:22-CV-2197 (LTS)

TRANSFER ORDER

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff Lee Ann Rioux, who resides in Madison, New Hampshire, brings this *pro se* action against: (1) the United States of America, (2) United States Postal Service ("USPS") employee Katie French, and (3) New Hampshire private law firm Orr & Reno. She purports to assert claims under the Racketeer Influenced and Corrupt Organizations Act (RICO), 42 U.S.C. § 1983, and New Hampshire state law, and she seeks damages. She asserts that the defendants interfered with her "First Amendment rights to religious practice by, among other things, wrongfully discharging her without fault of her own from her job" with the USPS at a post office in North Conway, New Hampshire. The Court construes Plaintiff's complaint as asserting claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and New Hampshire state law. For the following reasons, the Court transfers this action to the United States District Court for the District of New Hampshire.

      Under the venue provision for claims brought under Title VII, such claims may be brought:

> in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the

> judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3). With respect to claims brought under *Bivens* or state law, such claims may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Under Section 1391(c), for venue purposes, a "natural person" resides in the judicial district where the person is domiciled, and any other "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* § 1391(c)(1), (2).

Plaintiff, who resides in New Hampshire, asserts that all the alleged events giving rise to her claims occurred in New Hampshire, including: (1) French's harassment of Plaintiff about Plaintiff's religion, while both French and Plaintiff worked at the North Conway post office; (2) Plaintiff's firing from her USPS job at the North Conway post office; and (3) Orr & Reno's failure "to represent [Plaintiff or] return[] her file WITHOUT ADVISING HER OF HER POTENTIAL RIGHTS. . . ." (ECF 1, at 2) (emphasis in original). Plaintiff alleges no facts, however, showing why this court is a proper venue for any of her claims, under either Title VII's venue provision or Section 1391. Thus, it is clear that this court is not a proper venue for any of Plaintiff's claims. It is also clear that because all the alleged events giving rise to Plaintiff's claims occurred in New Hampshire, the United States District Court for the District of New Hampshire is a proper venue for all of Plaintiff's claims. *See* 28 U.S.C. §§ 109, 1391(b)(2); 42

U.S.C. § 2000e-5(f)(3). Accordingly, the Court transfers this action to the United States District Court for the District of New Hampshire. *See* 28 U.S.C. § 1406(a).

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the District of New Hampshire. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case in this court.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court also directs the Clerk of Court to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:  March 22, 2022
       New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge